# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 22, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GABRIEL B.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-265**    (Fam. Ct. Wood Cnty. Case No. FC-54-2023-D-157)

**THOMAS C.,**
**Respondent Below, Respondent**

**and**

**WEST VIRGINIA DEPARTMENT**
**OF HUMAN SERVICES, BUREAU FOR**
**CHILD SUPPORT ENFORCEMENT,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Gabriel B.[1] ("Mother") appeals the Family Court of Wood County's May 31, 2024, Final Order.[2] In that order, the family court concluded that Mother failed to provide sufficient evidence of limiting factors to rebut the presumption of equal shared custody. Respondent Thomas C. ("Father") filed a summary response in support of the family court's order. Respondent West Virginia Department of Human Services, Bureau for Child Support Enforcement ("BCSE") filed a response solely regarding the issue of child support.[3] Mother filed a reply.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] The May 31, 2024, Final Order is the order attached to Mother's notice of appeal. However, as discussed below, the amended final order entered by the family court on August 9, 2024, is the order on appeal.

[3] Mother is self-represented. Father is represented by J. Morgan Leach, Esq. BCSE is represented by Natalie N. Terry, Esq.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. For the reasons set forth below, a memorandum decision affirming, in part, and vacating, in part, the family court's decision, and remanding the matter for further proceedings, is appropriate under Rule 21 of the Rules of Appellate Procedure.

While this matter is an appeal of the family court's final order in custody proceedings, there was also concurrent domestic violence litigation that is related. The custody proceedings at issue in this appeal began on April 14, 2023, when Mother filed her Petition for Support and/or Allocation of Custodial Responsibility. Mother and Father share two minor children.[4]

Regarding the related domestic violence litigation, on April 13, 2023, Mother filed a Petition for an Emergency Domestic Violence Protective Order ("DVPO").[5] The magistrate court granted Mother's petition and issued an emergency domestic violence protective order, granting Mother temporary custody of the children, and ordering that Father have no visitation with the children. The magistrate court scheduled the matter for a final hearing before the family court on April 20, 2023. At that hearing, the family court denied the domestic violence protective order, terminated the magistrate court's emergency protective order, and found that Mother had failed to prove the allegations of domestic violence. Mother appealed the family court's decision to circuit court.

On May 12, 2023, the circuit court entered an order granting the appeal and granting a DVPO in favor of Mother against Father. The circuit court granted temporary custody of the parties' children to Mother and ordered that Father have no visitation with the children until he returned to court to set up supervised visitation and to provide documentation that he had completed an intervention program for domestic violence perpetrators. However, on May 24, 2023, Father filed a motion to set aside the May 12, 2023, order alleging that Father was not adequately notified of the proceedings in circuit court. On August 1, 2023, the circuit court entered an order setting aside the May 12, 2023, order. The circuit court found that, based on the agreement of the parties, "this Order shall dissolve the previously entered Order prohibiting contact between the parties and the minor children." The circuit court ordered Father to register in the Battering Intervention & Prevention Program ("BIPPS") and to provide documentation of such to the family court. The circuit court also

_____

[4] It also appears from the record that both Mother and Father have other children from prior relationships.

[5] Also on April 13, 2023, a criminal complaint for misdemeanor domestic battery was filed against Father. That criminal charge resulted in a not guilty verdict against Father on July 19, 2023.

ordered that the parties would revert to following the temporary order entered in family court, discussed below, and all future custody matters would be addressed by the family court in the custody proceedings.

As to the custody proceedings, on April 20, 2023, the family court entered a temporary support order requiring Father to pay $150.00 per month in child support for only the parties' older child because the paternity of the younger child had not yet been established. By order entered November 29, 2023, the family court adjudged Father the father of the younger child.

On July 12, 2023, the family court entered an Order to Withhold Identifying Information ordering that Mother was not required to provide identifying information for her and her children on the basis of the May 12, 2023, circuit court DVPO that was later set aside.

On September 26, 2023, the family court entered a temporary order in which the family court noted that Mother had appealed the family court's order denying the DVPO sought by Mother against Father. The family court further noted in that order that on appeal to circuit court, Mother had agreed to voluntarily withdraw the DVPO, the order previously entered prohibiting contact between the parties was dissolved, and the family court would address all future custody issues. The family court ordered Father to register in BIPPS classes and remain in counseling through the Department of Veterans Affairs. The family court also ordered a temporary custody and visitation schedule and ordered Father to pay temporary child support in the amount of $200.00 per month for the support of the two minor children, effective September 1, 2023.

On May 31, 2024, the family court entered its final order in the custody proceedings in which it found that Father had a history of properly managing his Post Traumatic Stress Disorder ("PTSD") and that such diagnosis is not a limiting factor under West Virginia Code § 48-9-209(f)(4)(F). The family court further found that Mother's allegations of domestic violence were barred by the doctrine of res judicata, as the family court had previously denied Mother a DVPO, and that Father had been acquitted of the crime of domestic battery following a jury trial. The family court found that Mother had not provided sufficient evidence of any other alleged limiting factor to rebut the presumption of 50-50 custody. The family court adopted Father's proposed parenting plan with changes. In the parenting plan, attached to the final order, the family court ordered that Mother would have the children from Friday morning until the following Tuesday afternoon, one week, and then the next week, Mother would have the children from Friday morning until Monday afternoon. Further, as stated in the final parenting plan, the family court ordered Mother to pay child support to Father in the amount of $200.00 per month.

On June 6, 2024, Mother filed a motion to reconsider with the family court on the basis that the family court's final order contained numerous incorrect statements and

3

rulings. On June 27, 2024, Mother filed her notice of appeal of the family court's May 31, 2024, final order with this Court. As a result of the pending motion for reconsideration filed with the family court, on August 8, 2024, this Court, on its own motion, held Mother's appeal in abeyance and remanded the matter back to the family court to address Mother's pending motion for reconsideration.

On July 24, 2024, the family court held a hearing on Mother's motion for reconsideration. Following the hearing, the family court entered its amended final order on August 9, 2024. The amended final order had an amended final parenting plan attached to the order as an exhibit. In that order, the family court altered the parenting plan so that the children were with Father from Friday afternoon until Monday afternoon, with Mother receiving all other parenting time during the school year. During the summer, the children would have a 3-4-4-3 schedule between their parents' homes. The family court also amended its order to require Father to pay child support to Mother for the support of the two children in the amount of $200.00 per month based upon the parties' agreement. On August 20, 2024, the family court entered an order denying Mother's motion for reconsideration but granted Mother's motion to correct the errors in the proposed parenting plan, which were addressed in the August 9, 2024, amended parenting plan. On July 7, 2025, Mother filed the family court's orders regarding the motion for reconsideration with this Court, and this Court entered an order lifting the abeyance and returning this matter to the Court's active docket.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother first argues that the family court erred by finding that Father properly managed his PTSD, by finding that Mother failed to prove her allegations of domestic violence by Father, and by finding that Mother failed to provide sufficient evidence of limiting factors against Father. Essentially, Mother asserts that the family court erred by not assigning appropriate weight to certain evidence and that the decision of the family court is against the weight of the evidence. We disagree.

This Court cannot set aside a family court's findings "unless clearly erroneous," and a finding is clearly erroneous only when "the reviewing court on the entire evidence is left

4

with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous rule, appellate courts of this State do not reweigh the evidence and will not reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). Further, a family court is entitled to deference to the extent it weighs relevant limiting factors (including specifically concerning ongoing treatment of mental illness) and relies on determinations of the parties' credibility. *See In re D.S.*, 251 W. Va. 466, 473, 914 S.E.2d 701, 708 (2025). On appeal, while Mother cites to the evidence she perceives as being favorable to her on the issues, she ignores the evidence that weighs against her claims such as Father's testimony that he has properly managed his PTSD for years through therapy, her voluntary dismissal of her appeal of the denial of the DVPO, and the not guilty verdict returned in favor of Father in the criminal matter.[6] Mother is asking that we reweigh the evidence and rule in her favor as to whether she presented sufficient evidence to rebut the statutory 50-50 presumption. We decline to do so. Mother has failed to demonstrate that the findings of the family court were clearly erroneous or that the family court abused its discretion in its application of the facts to the law. Accordingly, we find no error in this regard.

Next, Mother and BCSE assert that the family court erred by deviating from the child support guidelines without justifying such a deviation. We agree. The child support "guidelines must be applied to all actions in which child support is being determined[.]" W. Va. Code § 48-13-701 (2001). However,

> [i]f the court finds that the guidelines are inappropriate in a specific case, the court may either disregard the guidelines or adjust the guidelines-based award to accommodate the needs of the child or children or the circumstances of the parent or parents. In either case, the reason for the deviation and the amount of the calculated guidelines award must be stated on the record

---

[6] West Virginia Code § 48-9-209[a](3) requires that the family court consider whether a parent "[h]as committed domestic violence, as defined in § 48-27-202 of this code." While the family court was correct in finding that Father had not been found to have committed domestic violence in the incident that Mother unsuccessfully sought a DVPO, evidence regarding alleged domestic violence could be otherwise relevant to other limiting factors. Thus, it may have been error for the family court to find that Mother's allegations regarding domestic violence pertaining to other incidents (not underlying the unsuccessful DVPO) were barred by the doctrine of res judicata. However, we find this error to be harmless because the family court permitted Mother to present evidence on Father's history of alleged domestic violence and found, in its discretion, that such evidence did not necessitate a finding that any other limiting factor applied.

> (preferably in writing on the worksheet or in the order). Such findings clarify the basis of the order if appealed or modified in the future.

W. Va. Code § 48-13-702(a) (2001). Here, the family court made no findings regarding the parties' incomes, and the court neither mentioned the child support guidelines or the child support formula in its order, nor attached a child support formula or worksheet to the order. Further, the family court did not explain how it arrived at a child support amount of $200.00 per month or why it deviated from the child support guidelines, except for the mention in the parenting plan that it was by the agreement of the parties.[7] However, such agreement is not apparent from the record before this Court.[8] Accordingly, we vacate the family court's child support award and remand for the entry of a new order that properly applies the child support guidelines, includes the requirements set forth in West Virginia Code § § 48-13-101 through 804, explains the basis for deviation from the guidelines, if any, and contains sufficient findings of fact and conclusions of law necessary to facilitate meaningful appellate review.[9]

Lastly, Mother asserts that the family court erred by stating that Mother sought to limit Father's parenting time due to his PTSD, by not removing Mother's residential information from the video recording of the hearing, and by "rebuk[ing] [Mother] outside of the scope of this case regarding her parental discretion and what she believes to be in the best interest and safety concerning the upbringing of her older child who is not a person in or relevant to this case[.]" However, Mother has failed to demonstrate error or prejudice on these issues. *See Vogt v. Macy's*, Inc., 22-ICA-162, 2023 WL 4027501, at *4 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (citing *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (explaining that appellate courts frequently refuse to address undeveloped, perfunctory, or cursory arguments on appeal). Moreover, as our Supreme Court of Appeals has held,

---

[7] The Supreme Court of Appeals of West Virginia has made clear that "[t]he duty of a parent to support a child is a basic duty owed by the parent to the child, and a parent cannot waive or contract away the child's right to support." *Rebecca C. v. Michael B.,* 213 W. Va. 744, 745, 584 S.E.2d 600, 601 (2003).

[8] Further, though Mother and BCSE assert that the family court erred in this regard, Father failed to specifically respond to this asserted error. Accordingly, we deem that Father agrees with the position of Mother and the BCSE on this issue. *See* Rule 10(d), W. Va. R. App. P.

[9] To ensure this issue is properly addressed on remand, the BCSE is encouraged to participate in any further proceedings deemed necessary by the family court to carry out this Court's directions on remand.

An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a [lower court] unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Mother does not explain how she was prejudiced by the actions of the family court in regard to these issues and has provided no authority to support her cursory argument that such amounts to reversible error. Accordingly, we find that Mother has failed to demonstrate error.

Based on the foregoing, we affirm the family court's August 9, 2024, amended final order and the attached amended final parenting plan with the exception of the child support award. We vacate the family court's award of child support and remand the matter for further proceedings consistent with this decision.

Affirmed, in part, Vacated, in part, and Remanded, with Directions.

**ISSUED:** December 22, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White